■     In the Matter of ANGELO MANICCIA, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination suspending petitioner's restaurant liquor license. Violations of subdivision 1 of section 65 of the Alcoholic Beverage Control Law were charged to have occurred in August and September, 1954. The minors concerned testified that they ordered beer and were served by petitioner's waitress. Cross-examination elicited some inconsistencies in their testimony and there was proof of prior contradictory or inconsistent statements. It was the function of the Authority, however, to pass on the questions of credibility and to determine the weight to be accorded the testimony which it found truthful.. (Matter of Avon Bar & Grill v. O'Connell, 301 N. Y. 150.) Its determination is supported by substantial evidence. Additional violations of the same provision of the statute in March, 1955 were found as follows: " 2. That the licensee violated Section 65, subdivision 1 of the Alcoholic Beverage Control Law in that he sold, delivered or gave. away or permitted to be sold, delivered or given away alcoholic beverages to a minor or minors actually or apparently under the age of 18 years on March 13, 1955." There was testimony that two girls, each 15 years of age, sat with two boys in a booth, about 5 feet from the bar, and drank beer which the boys purchased from the bartender and brought to the table. One of the boys first brought two glasses of ginger ale and six glasses of beer, for the company of four, and the other boy later brought six glasses of beer. One witness testified that a waitress was present in the room and another said that a waitress passed the table. The boys and girls were in the premises for about an hour. These facts were sufficient, in combination, at least, to warrant the Authority's finding of a permitted violation, if nothing more. " Whatever reasonable supervision by oneself or one's agents would discover and prevent, that, if continued, will be taken as suffered." (People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25, 30–31.) In the case cited, " suffered" was apparently equated to " permitted " as used in the Labor Law. Doubtless there are cases, as that of a

parent ordering a drink and permitting his child a surreptitious sip, where a permitted violation could not reasonably be found. Here, the evidence which the Authority was entitled to accept was sufficient to warrant the conclusion that the licensee knew or should have known, had reasonable diligence been exercised, that beer was being delivered to the girls. (*Matter of Lynch's Bldrs. Restaurant* v. *O'Connell*, 303 N. Y. 408.) Although we consider the proof substantial, the conduct of the hearing was such as to require us to remit. Petitioner's attorney was unduly restricted in attempting to show, upon the cross-examination of a witness, the circumstances which surrounded her giving a statement to an investigator, and, upon the cross-examination of another witness, was not permitted to inquire as to allegedly inconsistent statements made to police officials. On these and other occasions the hearing commissioner clearly indicated that in ruling on objections he relied largely upon the views of the Authority's attorney. Petitioner was thus deprived of a fair trial and of a reasonable opportunity to cross-examine witnesses. (*Matter of Metropole Somerset Cafe* v. *O'Connell*, 303 N. Y. 914.) Determination annulled, with costs to appellant, and matter remitted to the State Liquor Authority for further hearing. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.