■ In the Matter of NYCREST CORP., Doing Business as HANDY STOP FOOD SHOPS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated April 21, 1980 and made after a hearing, which found that petitioner had violated section 65 of the Alcoholic Beverage Control Law and suspended its grocery beer license for 30 days, with a bond claim in the sum of $1,000. Determination confirmed and proceeding dismissed on the merits, with costs. The record reveals that petitioner was not deprived of any due process rights. The findings and conclusions of the hearing officer adopted by the respondent, did not indicate that the hearing officer was materially influenced by the hearsay statements admitted at trial and, as such, the hearsay did not have the effect of depriving petitioner of the fair and proper hearing to which it was entitled (see *Matter of Erdman v Ingraham,* 28 AD2d 5, 9). Furthermore, the alleged due process violation of inadequate notice was rectified by the granting of a two- and one-half month adjournment which allowed petitioner to prepare its defense and recall respondent's witnesses, if it so desired. We have considered petitioner's other points and find them to be similarly without merit. The questions of credibility were resolved by the authority and we cannot say that the testimony was incredible as a matter of law. The determination was supported by substantial evidence and the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Stork Rest. v Boland,* 282 NY 256). Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.