■ In the Matter of NYCREST CORP., Doing Business as HANDY STOP FOOD SHOPS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated March 3, 1982 and made after a hearing, which found that petitioner had violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law and suspended its grocery beer license for 20 days. Determination confirmed and proceeding dismissed on the merits, with costs. Respondent's determination that petitioner violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law, in that it had sold beer to a minor, was supported by substantial evidence on the record considered as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Stork Rest. v Boland,* 282 NY 256). In addition, the findings and conclusions of the hearing officer, adopted by the respondent, did not indicate that the hearing officer was materially influenced by the hearsay statements admitted at trial and, as such, the hearsay did not have the effect of depriving petitioner of the fair and proper hearing to which it was entitled (see *Matter of Nycrest Corp. v New York State Liq. Auth.,* 81 AD2d 867). Finally, the hearing officer's decision not to allow petitioner to cross-examine the father of the minor as to a collateral matter to which his son had testified, did not deprive petitioner of a fair hearing inasmuch as petitioner had been permitted to cross-examine the minor with respect to the same issue (cf. *Matter of 245 Elmwood Ave. v New York State Liq. Auth.,* 14 AD2d 393, affd 11 NY2d 980; *Matter of Maniccia v State Liq. Auth.,* 3 AD2d 798). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.