■ In the Matter of SALVATORE MULTARI, Petitioner, v TOWN OF STONY POINT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Police Commission of the Town of Stony Point, dated April 28, 1982, which, after a hearing, sustained certain disciplinary charges against the petitioner and ordered his dismissal from the Town of Stony Point Police Department. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the Police Commission of the Town of Stony Point for further proceedings in accordance herewith. Petitioner, a police officer employed by the Town of Stony Point since March, 1976, was injured after a fall in June, 1980, and did not return to work. About 18 months after the accident, petitioner was examined by Dr. Sheldon Katz at the request of the town police department. Based on Katz' report that petitioner was fit to perform his duties, petitioner was ordered to return to work by the chief of police. When petitioner failed to do so, he was charged with insubordination and disregarding a direct order and was suspended without pay. At the hearing that followed before the police commission, petitioner testified that he had not returned to work because he was still disabled and because his doctor had advised him not to return. Petitioner's doctor testified that petitioner had a herniated disc and was not fit for duty. Called on behalf of the police department, Dr. Katz testified that he examined petitioner in December, 1981, and that he had received and reviewed reports of Drs. Rothschild, Birkett and Brand, who also had examined petitioner. The reports of these other doctors were not submitted in evidence. Katz found no evidence of a herniated disc or any injury to the central nervous system and concluded that petitioner was able to work. In Katz' original report to the department, which was introduced in evidence, he noted that Dr. Rothschild "felt that the patient could return to full activity". The police commission credited the testimony of Dr. Katz and found petitioner guilty of the charges against him. The commission's findings make reference to the fact that three other doctors "apparently supported" Katz' conclusions and that Dr. Rothschild "found no orthopedic irregularities which would prevent the patient from returning to full activity". The commission concluded that dismissal was the appropriate punishment. In this CPLR article 78 proceeding, petitioner complains that the commission relied on the reports of Drs. Rothschild, Birkett and Brand, none of which were introduced into evidence. Where a hearing has been held, it is improper for an administrative agency to base a decision upon information outside the record because such a procedure denies the parties an opportunity to refute the outside information (*Matter of Simpson v Wolansky,* 38 NY2d 391, 396; *Matter of Newbrand v City of Yonkers,* 285 NY 164, 179). While we cannot tell whether the commission had the actual reports of the nontestifying doctors in its possession, Dr. Katz' references to the reports of Drs. Rothschild, Birkett and Brand were hearsay, and thus matters dehors the record were apparently considered. While compliance with the technical rules of evidence is not required at a disciplinary hearing (Civil Service Law, § 75, subd 2), under some circumstances hearsay evidence may be so prejudicial to a party so as to deprive him of a fair hearing (*Matter of Nycrest Corp. v New York State Liq. Auth.,* 81 AD2d 867; *Matter of Utica Cheese v Barber,* 80

AD2d 368; *Matter of Strain v Sarafan,* 57 AD2d 525; *Matter of Brown v Murphy,* 43 AD2d 524; *Matter of Erdman v Ingraham,* 28 AD2d 5). The question here then is whether the hearsay references to the other medical reports had "such a harmful or unfair effect as to vitiate the hearing" (*Matter of Erdman v Ingraham,* 28 AD2d 5, 9, *supra*). On this record, it is reasonable to assume that the commission was materially influenced by the hearsay statements since the conclusions of the nontestifying doctors significantly strengthened the department's case. Under the circumstances, the receipt of the hearsay statements, without the opportunity of cross-examining the other doctors, deprived petitioner of a fair hearing. Accordingly, the matter must be remitted to the commission for a rehearing. Petitioner also claims that he was deprived of due process when he was not given a copy of the police department's rules and regulations which formed the basis for the charges against him. Due process requires that a person be fully informed of the nature of the charges so as to permit the person to adequately prepare and present a defense (*Matter of Murray v Murphy,* 24 NY2d 150; *Matter of Bateman v City of Ogdensburg,* 55 AD2d 781). Here, petitioner made no request for greater specificity of the charges, nor did he request additional time to prepare a defense (see *Matter of Pachucki v Walters,* 56 AD2d 677). Thus, we conclude that the failure to provide petitioner with the rules and regulations was not violative of due process, although we see no reason why the department should not comply with this request prior to the rehearing. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.