■ CHARLES BARRE, Petitioner, v NASSAU COUNTY POLICE DEPARTMENT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Commissioner of Police, dated February 10, 1984, which, after a hearing, denied petitioner's application for a pistol license.

Determination confirmed and proceeding dismissed on the merits, with costs.

The Commissioner determined that petitioner lacked the requisite moral character to be granted a pistol license upon his finding that petitioner willfully failed to disclose in his application his prior treatment and confinement for mental illness as required by Penal Law § 400.00 (1) (c). Judicial review upon this proceeding is limited to an examination of whether there is a rational basis for the determination of the Commissioner, after a hearing, as evidenced by "substantial evidence" in the administrative record (CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Indeed, petitioner's claim that he inadvertently failed to disclose his prior treatment at a mental institution because he did not believe he was "confined" or suffered from mental illness so strains credulity as to border on being incredible as a matter of law. The hospital record clearly indicates that, although he was technically a "voluntary" admission, he was not free to leave by the exercise of his own will, he had "eloped" from the institution and had been returned, and he repeatedly demanded or expressed his desire to leave. Furthermore, he admitted his knowledge of his diagnosis while so confined and stated he had undergone several electroshock treatments. Consequently, there was substantial evidence to support a finding of a willful failure to disclose this information.

Hospital records of this type are highly relevant to pistol licensing proceedings (*Matter of Jenkins v Martin,* 99 AD2d 811). Even an uncertified record, although hearsay, may be admitted provided it does not prejudice the applicant's ability to obtain a fair hearing (*cf. Matter of Erdman v Ingraham,* 28 AD2d 5; *Matter of Multari v Town of Stony Point,* 99 AD2d 838). At no point has petitioner challenged the accuracy of the record used vis-à-vis the original held by the hospital and indeed his attorney stipulated that the record used was identical to that which he had obtained directly from the hospital and provided to his witnesses. Consequently, no prejudice to petitioner resulted from the hearing officer allowing the production of the uncertified record pending receipt of a certified copy and subsequently disallowing any evidence not supported by the certified record. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.