▪ In the Matter of PHYLLIS S. KORTH, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and the New York State and Local Retirement Systems, Respondent. [711 NYS2d 637] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was employed by the Suffolk County Water

Authority as a relief operator utility person which required her to manually lift and move heavy containers of chemicals. On July 9, 1991, petitioner injured her back and neck while performing these duties. In 1994, petitioner filed for disability retirement benefits under Retirement and Social Security Law article 15 based on the 1991 injury. Following a hearing at which conflicting expert testimony was presented, the Hearing Officer granted the parties the opportunity to submit a memorandum of law before he rendered a decision. In his memorandum, counsel for the New York State and Local Employees' Retirement System attacked the credibility of Martin Lehman, petitioner's treating physician, by advising the court that Lehman had recently been arrested for fraud in regard to various disability insurance and workers' compensation claims.[1] In his decision finding that petitioner was not permanently incapacitated from the performance of her duties, the Hearing Officer noted that "[t]he professional ethical experiences of Dr. Lehman as recounted by counsel for the System in his letter memorandum of June 29, 1998, cast a shadow on the witness' credibility".[2] Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

We find merit in petitioner's contention that the Hearing Officer improperly considered respondent's allegations as to Lehman's alleged fraudulent conduct inasmuch as this hearsay information was not admitted as evidence at the hearing, stipulated to or judicially noticed. Clearly, Lehman's testimony was critical to petitioner's case. We therefore conclude that the Hearing Officer's acceptance of, and reliance on, information dehors the record discrediting Lehman deprived petitioner of a fair hearing (see, Matter of Multari v Town of Stony Point, 99 AD2d 838; Matter of Henny v Weinberg, 80 AD2d 831, 832-833; cf., Steidel v County of Nassau, 182 AD2d 809, 814; Clarke v New York City Tr. Auth., 174 AD2d 268, 277-278; Berkowitz v Marriott Corp., 163 AD2d 52, 53-54).

Nor do we find compelling respondent's contention that because there is no mention of Lehman's "troubles" in respondent's findings of fact and conclusions of law, respondent did not consider this information. The determination is devoid of any explanation as to why respondent chose to credit the testimony of the physician for the Retirement System over Lehman and, thus, it cannot be claimed with any certainty that

---

1. Respondent's memorandum of law to the Hearing Officer is not in the record, but has been submitted by respondent in the appendix to its brief.

2. Notably, it appears that the allegations against Lehman did not involve petitioner and Lehman was ultimately acquitted of all charges by a jury.

the allegations were not considered by respondent. Accordingly, we remit the matter to respondent for a new hearing.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.