■ In the Matter of JOHN J. SCHROEDER, Petitioner, v NICHOLAS SCOPPETTA, as Commissioner of the Fire Department of the City of New York, et al., Respondents. [909 NYS2d 537]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Fire Commissioner of the City of New York dated November 19, 2008, which, after a hearing, affirmed a determination of an administrative law judge dated September 28, 2007, that the petitioner was guilty of three charges of misconduct, and terminated his employment as a firefighter with the Fire Department of the City of New York.

Adjudged that the petition is granted, on the law, the determination is annulled, with costs, and the matter is remitted to the respondent Fire Commissioner of the City of New York for a new determination based solely upon matters in the hearing record.

The petitioner, John J. Schroeder, became a New York City firefighter in March 1990. During a random drug test conducted by the Fire Department in October 2004, Schroeder tested positive for cocaine. As a result, the Fire Department commenced disciplinary proceedings against him. After a hearing, the Administrative Law Judge (hereinafter the ALJ) found Schroeder guilty of three charges of misconduct. However, since Schroeder had a previously unblemished service record, and suffered from posttraumatic stress disorder and a permanent lung disability as a direct result of the events of September 11, 2001, the ALJ concluded that termination of his employment and benefits would be unduly harsh. Consequently, the ALJ recommended holding the imposition of a penalty in abeyance in order to allow Schroeder to retire on a disability pension, or alternatively, suspending him for 10 days, without pay. The Fire Commissioner adopted the ALJ's finding that Schroeder was guilty of the charges, but concluded that termination was the appropriate penalty.

In his determination, the Fire Commissioner admitted having relied upon the "Counseling Services Unit records of Firefighter

Schroeder." Based upon his review of those records, the Fire Commissioner found that Schroeder had admitted to using cocaine more than once to his counselor and that "this behavior suggests a pattern of drug use." Those records provided support for the Fire Commissioner's decision to impose the most severe penalty of termination, rather than one of the lesser alternate penalties recommended by the ALJ. However, it is clear from the record, as confirmed by the ALJ in his report, that Schroeder's counselor did not testify at the hearing and her records were not admitted as evidence. Schroeder had no opportunity to cross-examine the counselor or to explain any of the statements he allegedly made to her, or to rebut the information contained in her records.

"[I]t is not proper for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 396 [1975]; *see Matter of Multari v Town of Stony Point*, 99 AD2d 838, 838 [1984]; *Matter of Farrell v Dowling*, 90 AD2d 849, 849 [1982]). Since the Fire Commissioner's determination was improperly influenced by the counseling records, the petition must be granted, the determination must be annulled, and the matter must be remitted to the Fire Commissioner for a new determination based solely upon matters in the hearing record (*see Matter of Simpson v Wolansky*, 38 NY2d at 396; *Matter of Korth v McCall*, 275 AD2d 511, 512-513 [2000]; *Matter of Multari v Town of Stony Point*, 99 AD2d at 839).

In light of our determination, we need not reach Schroeder's remaining contentions. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.