■ In the Matter of CITY OF LONG BEACH, Appellant, v LONG BEACH PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 287, Formerly Known as UNIFORMED FIREFIGHTERS ASSOCIATION, LOCAL 287, Respondent. [39 NYS3d 188]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award rendered after a hearing, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Brown, J.), dated June 5, 2014, as denied the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

" 'Judicial review of an arbitrator's award is extremely limited' " (*Matter of Town of Babylon v Carson,* 111 AD3d 951, 953 [2013], quoting *Pearlman v Pearlman,* 169 AD2d 825, 826 [1991]). A court may vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) "only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.],* 15 NY3d 530, 534 [2010]; *see Matter of Gaymon v MTA Bus Co.,* 117 AD3d 735 [2014]).

Here, contrary to the contention of the appellant, the arbitrator did not apply an incorrect standard of review to the proceedings (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.],* 15 NY3d at 534; *Matter of Gaymon v MTA Bus Co.,* 117 AD3d 735 [2014]). Further, the award did not violate public policy, was not irrational, and did not clearly exceed a specifically enumerated limitation on the arbitrator's power (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100,* 14 NY3d 119, 123 [2010]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 79 [2003]; *see also Matter of Schroeder v Scoppetta,* 77 AD3d 840 [2010]; *Matter of McDougall v Scoppetta,* 76 AD3d 338, 342-343 [2010]; *Matter of Berger v Board of Fire Commr. of the Jericho Fire Dist.,* 71 AD3d 881, 882 [2010]).

Since the respondent did not cross-appeal, the issue of the Supreme Court's denial of that branch of its cross motion which was for the imposition of sanctions is not properly before this Court (*see Emanuel v MMI Mech., Inc.*, 131 AD3d 1002, 1003 [2015]). We decline the respondent's request to impose sanctions against the appellant in connection with the appeal (*see* 22 NYCRR 130-1.1). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.