■ MIRIAM COHEN, Appellant, v JOSHUA COHEN, Respondent. [600 NYS2d 996] —In a matrimonial action in which the parties were divorced by judgment dated September 21, 1990, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated June 4, 1992, as granted that branch of the defendant's cross motion which was to compel arbitration with respect to the issue of custody.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's cross motion which was to compel arbitration with respect to custody is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination by the court of the issues of custody and visitation.

The plaintiff Miriam Cohen and the defendant Joshua Cohen were divorced by a judgment of the Supreme Court dated September 21, 1990. A separation agreement made on September 20, 1987, survived the judgment of divorce. The court retained jurisdiction to enforce provisions of the separation agreement "to the extent permitted by law". Although neither the judgment of divorce nor the separation agreement expressly awarded custody of the parties' minor children Chana, born April 3, 1982, and Esther, born March 1, 1984, the separation agreement established that the girls would remain with their mother under a somewhat complex scheme of visitation and financial support. Among these provisions was the right of the defendant to temporarily remove the children from the United States to Israel upon meeting certain conditions, which included obtaining the plaintiff's written permission. Disputes were to be resolved by resort to a religious forum, as follows:

"In the event any controversy arises between the parties as to any aspect of visitation, leaving the country, alternation of time periods or the like, then each of the parties agree that such controversy, dispute, question or circumstance not resolved by them shall and must be resolved by a Rabbinic Court and either party may summon the other to such Rabbinic Court and each party agrees that service by mail of a Summons issued by the Rabbinic Court shall result in in personam jurisdiction of that individual and that signing this agreement shall constitute an agreement to arbitrate all questions under CPLR § 7500 et seq. and that in the event there shall be any oversight, inadvertence or failure to comply with any particular section of CPLR 7500 then each party waives such omission as being a fatal defect since it is the intention, desire and agreement of each party to have all issues of custody and visitation resolved and concluded, exclusively, wholly and only by a Rabbinic Court * * *

"Each of the parties agrees that [a named Rabbi] shall act as the Head of the Rabbinical Court determining any controversy, conflict, vagueness, definition, interpretation or contradiction contained in this agreement".

The plaintiff mother moved, *inter alia,* for permanent and sole custody of the children. Among other things, she charged that the defendant took Chana to Israel without her permission, necessitating an Application for Assistance under the Hague Convention on Child Abduction. Ultimately, the Israeli police returned the child to the plaintiff after the Israeli government issued a warrant for the child's immediate return. The defendant cross-moved to compel arbitration under the terms of the separation agreement. The Supreme Court directed arbitration, and granted the plaintiff temporary custody.

Disputes over custody and visitation are not subject to arbitration *(see, Glauber v Glauber,* 192 AD2d 94). Accordingly, the defendant's cross motion must be denied. Moreover, in the absence of a fully developed record, we will not, as the appellant requests, make our own findings and award custody to her *(see, Glauber v Glauber, supra).* Consequently, we remit the matter to the Supreme Court, Kings County, for a determination as to custody and visitation. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.