■ DEBORAH WEINSTOCK, Respondent, v MOSHE H. WEIN-STOCK et al., Appellants. [659 NYS2d 80] —In an action for a divorce and ancillary relief, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated April 18, 1996, as (1) granted those branches of the plaintiff's motion which were for leave to enter a money judgment for child support arrears and education expenses in the aggregate principal sum of $20,068, payable by the defendant Yisroel David Weinstock a/k/a Joseph Weinstock, as guarantor of the obligations of the defendant husband Moshe Hillel Weinstock, and (2) denied those branches of the defendants' cross motion which were to compel arbitration, and to dismiss the complaint insofar as asserted against the defendant Esther Weinstock.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant Esther Weinstock and substituting therefor a provision granting that branch of the defendants' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff wife and the defendant husband entered into a separation agreement settling issues such as child support, private school tuition, equitable distribution, and visitation. Central to the settlement was the agreement of the husband's

father, the defendant Yisroel David Weinstock a/k/a Joseph Weinstock, to act as guarantor of the husband's support obligations.

The agreement contains two separate provisions concerning resolution of controversies arising under it. Paragraph NINTH provides that "disputes" would be submitted to arbitration. Paragraph ELEVENTH, however, provides that the parties consented to the jurisdiction of the State of New York, and that "[t]his agreement is contemplated by both parties to be binding and *enforceable in a civil court of law*" (emphasis supplied). Yisroel David Weinstock has acknowledged that he is bound by the agreement insofar as his obligations as guarantor are concerned.

When the husband defaulted in his child support obligations, the wife commenced this action for divorce. In her complaint she also sought child support and arrears, payable by Yisroel David Weinstock, if necessary, pursuant to the terms of his guarantee. In response to the wife's motion for pendente lite relief, the defendants cross-moved to dismiss the complaint and to compel arbitration in accordance with the terms of paragraph NINTH of the parties' agreement, engrafting thereupon an additional and clearly unilateral condition that such arbitration should be before a Beth Din. The court denied the defendants' cross motion to compel arbitration, finding that it would be contrary to the best interests of the children whose support was at stake.

Contrary to the appellants' contentions, they have not established that the wife is limited to arbitration of her claims for support. The wife clearly sought enforcement of the support provisions of the agreement, and paragraph ELEVENTH of the agreement unambiguously expresses the parties' clear intent that a civil court would have jurisdiction over enforcement. Moreover, there is no "dispute" under paragraph NINTH to be arbitrated. The husband does not deny that he is in default of his agreed support obligations and his father does not deny the efficacy of his guarantee. Accordingly, the court properly awarded the wife child support arrears and education expenses, payable by Yisroel David Weinstock in accordance with his guarantee.

However, the court erred insofar as it failed to grant that branch of the cross motion as sought dismissal of the complaint insofar as asserted against the defendant Esther Weinstock. The uncontroverted evidence in the record demonstrates that personal jurisdiction was never obtained over Esther Weinstock and, in any event, she was not a coguarantor.

The defendants' remaining contentions are without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.