■ SARA G. LIPSIUS, Appellant-Respondent, v IRA S. LIPSIUS, Respondent-Appellant. [673 NYS2d 458] —In a matrimonial action in which the parties were divorced by judgment dated June 24, 1992, which was subsequently modified by order dated September 13, 1996, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated March 31, 1997, as, upon reargument, adhered to the original determinations made in two orders of the same court, both dated September 30, 1996, which, *inter alia,* referred that branch of her cross motion which was for arrears of child support to arbitration, and denied her motion to stay arbitration, and the defendant former husband cross-appeals, as limited by his brief, from so much of the same order as granted the plaintiff's motion for leave to reargue.

Ordered that the order dated March 31, 1997, is modified by deleting the provision thereof which adhered to so much of the prior order as denied that branch of the plaintiff's cross motion which was for a judgment for the arrears of child support relating to clothing and holiday expenses and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated March 31, 1997, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the order dated September 30, 1996, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Disputes over custody and visitation are not subject to arbitration (*see, Glauber v Glauber,* 192 AD2d 94; *see also, Cohen v Cohen,* 195 AD2d 586). Therefore, the defendant's utilization of the court system to resolve issues of visitation and custody did not constitute a waiver of his right to arbitrate the instant issues concerning child support and attorneys' fees.

The amount that the defendant owed for clothing and holiday expenses, however, is not in dispute, and there is no need

to arbitrate that issue (*see, Weinstock v Weinstock,* 240 AD2d 658). Specifically, the judgment of divorce provides, *inter alia,* that the defendant "shall pay the sum of eight hundred and 00/100 ($800) in the month of Nissan (March or April) and the month of Tisrei (August or September) of each year for holiday expenses and clothing for the children" in exchange for receipts for the clothing purchases. The receipts were provided and the defendant does not deny that he is obligated to make these payments. Therefore, the plaintiff is entitled to a judgment for the amount of child support arrears relating to clothing and holiday expenses.

The parties' remaining contentions are without merit. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.