■ DENNIS HAMPTON, Respondent, v JOANN HAMPTON, Appellant. [689 NYS2d 186] —In a matrimonial action in which the parties were divorced by a judgment dated December 7, 1992, the defendant former wife appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated April 6, 1998, as granted the motion of the plaintiff former husband to compel arbitration of her claim for a modification of child support and directed her to pay sanctions to him in the sum of $1,000 as well as counsel fees, and (2) from an order of the same court, dated July 6, 1998, which denied her motion for reargument.

Ordered that the appeal from the order dated July 6, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 6, 1998, is modified, on the law, by deleting the provision thereof directing the payment of sanctions in the sum of $1,000 by the defendant to the plaintiff and substituting therefor a provision directing the defendant to deposit the sum of $1,000 with the Clerk of the Supreme Court, Rockland County, for transmittal to the Commissioner of Taxation and Finance; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties entered into a separation agreement which was later incorporated but not merged into a judgment of divorce in 1992. The separation agreement included a broad mediation and arbitration clause, and the judgment included a provision which specifically directed the parties to comply with the

arbitration clause. The defendant commenced a proceeding in the Family Court in February 1998 seeking, *inter alia*, an upward modification of child support, and the plaintiff moved in the Supreme Court to compel arbitration of her claims.

Under the circumstances of this case, and in view of the broad arbitration clause in the parties' separation agreement, we conclude that the Supreme Court properly directed the defendant to submit her claim for an upward modification of child support to arbitration (*see, Matter of Goldstein v Goldstein*, 214 AD2d 567; *see also, Lipsius v Lipsius*, 250 AD2d 820; *Glauber v Glauber*, 192 AD2d 94).

We disagree with the defendant's contention that arbitration of child support issues is incompatible with the objectives of the Child Support Standards Act (hereinafter the CSSA) (*see,* Domestic Relations Law § 240 [1-b]), as an arbitration award is subject to vacatur on public policy grounds in the event that the award fails to comply with the CSSA and is not in the best interests of the child (*see generally, Hirsch v Hirsch*, 37 NY2d 312; *Schneider v Schneider*, 17 NY2d 123; *see also, Rakoszynski v Rakoszynski*, 174 Misc 2d 509; *Lieberman v Lieberman*, 149 Misc 2d 983).

Further, the Supreme Court did not improvidently exercise its discretion in imposing counsel fees and sanctions upon the defendant based on her frivolous conduct in commencing the Family Court proceeding (*see,* 22 NYCRR 130-1.1). The defendant rejected the plaintiff's request that she withdraw the Family Court petition and comply with the arbitration clause, despite the fact that she recently participated in an arbitration proceeding involving other child support issues. That arbitration resulted in an award in her favor in December 1997, less than two months before she commenced the Family Court proceeding. In addition, the defendant improperly sought to enforce the terms of the December 1997 arbitration award in the Family Court proceeding while simultaneously moving to confirm the award in the Supreme Court.

The Supreme Court erred, however, in directing that the defendant pay sanctions to the plaintiff rather than to the Clerk of the Supreme Court for transmittal to the Commissioner of Taxation and Finance (*see,* 22 NYCRR 130-1.3; *Matter of Weisshaus v Gandl*, 238 AD2d 515; *Nowak v Walden*, 187 AD2d 418). Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.