OPINION OF THE COURT
William Rigler, J.
Pro se defendant Yehuda Becher moves, for counsel fees and plaintiff Mina Becher moves for sanctions.
Lost in the requests for relief~hut raised in the-motion papers and at oral argument, is the issue of whether or not the court should enforce an alleged preliminary antenuptial agreement that forbids all resort to this court unless by permission of a Rabbinical Tribunal, but where the alleged agreement recited that it would be followed by a comprehensive antenuptial agreement, which was never done.
As an initial matter, the requests for relief in the motion, brought by order to show cause, and the cross motion are both denied.
Turning to the enforceability of the preliminary antenuptial agreement executed in July 1991, the two paragraphs at issue state:
*139 “5. Both parties agree to try to resolve any (G-d Forbid) serious marital problem by rational discussion, and then failing a successful resolution (G-d Forbid), by reference to a proper Orthodox Rabbinical court (Beth Din). Initial resort to the Civil Judicial system, being totally against Orthodox Law, is mutually agreed to be unavailable to the parties, unless and until permission is granted by a properly convened Beth Din * * *
“10. A more comprehensive antenuptial agreement, in contemplation of a Civil Marriage will be discussed and drafted by an agreed to attorney within three months.”
Several reasons compel that the preliminary antenuptial agreement not be enforced. First, since it recites that a “more comprehensive antenuptial agreement * * * will be discussed and drafted by an agreed to attorney” — a promise never fulfilled because such a “more comprehensive” agreement was in fact never discussed or drafted — it is nothing more than agreement to agree. Agreements to agree are unenforceable. (Lazard Freres & Co. v First Natl. Bank, 268 AD2d 294 [1st Dept 2000]; Torres v Speiser, 268 AD2d 253 [1st Dept 2000]; Wall v dePasquale, 266 AD2d 388 [2d Dept 1999].)
Second, a divorce was already taken. By participating in the divorce, the defendant Yehuda Becher waived any right to invoke, subsequently, the exclusive jurisdiction of the Rabbinical courts under the purported preliminary agreement.
Third, paragraph 5 of the purported agreement is not specific. It does not recite what issues are to be submitted to the Rabbinical court — whether economic or custodial. (See generally, Wall v dePasquale, supra.) Certainly, issues of custody and child support cannot be given to a Beth Din for resolution. (See, Cohen v Cohen, 195 AD2d 586 [2d Dept 1993]; Lipsius v Lipsius, 250 AD2d 820 [2d Dept 1998]; Rakoszynski v Rakoszynski, 174 Misc 2d 509 [Sup Ct, Rockland County 1997].)
Accordingly, this court holds that the purported antenuptial agreement executed in July 1991 is null and void and of no legal effect.