■ GEORGETOWN MEWS OWNERS' CORP., Respondent, v CAMPUS ASSOCIATES et al., Defendants, and SHANHOLT, MARINOFF, FLEISS & Co., Appellant. [734 NYS2d 874] —In an action to recover damages for breach of contract and professional malpractice, the defendant Shanholt, Marnioff, Fleiss & Co. appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated February 14, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that the appellant accounting firm of Shanholt, Marnioff, Fleiss & Co. conducted an audit which failed to account for late charges on a mortgage which eventually accrued a liability in excess of $1,000,000.

The Supreme Court correctly denied the appellant's motion for summary judgment, finding issues of fact as to whether the appellant departed from accepted standards of practice and whether any such departure was a proximate cause of the plaintiff's injury (*see, Burke v Repetti & Co.,* 255 AD2d 483; *Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.

■ ERIK JOHNSON, Plaintiff, v RAMIN AHMADI et al., Defendants, and JEFFREY KALMAN, Respondent. BELAIR & EVANS L. L. P., Nonparty Appellant. [734 NYS2d 875] —In an action to recover damages, *inter alia,* for wrongful death, Belair & Evans L. L. P. appeals from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated February 8, 2000, as granted that branch of the cross motion of the defendant Jeffrey Kalman which was to impose a sanction upon it for frivolous conduct.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently concluded that the appellant's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 and imposed a sanction upon it (*see, Hampton v Hampton,* 261 AD2d 362). Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.