■ FRANK HIRSCH, Plaintiff, v DEBRA A. HIRSCH, Defendant. (Matter No. 1.) FRANK HIRSCH, Plaintiff, v DEBRA HIRSCH et al., Defendants. (Matter No. 2.) In the Matter of EPHRAYIM HIRSCH, Appellant, v DEVORAH HIRSCH, Respondent. (Matter No. 3.) [774 NYS2d 48]—

In two related actions, inter alia, for a divorce and ancillary relief, and a related proceeding pursuant to CPLR article 75 to confirm an arbitration award, Ephrayim Hirsch appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 30, 2002, as denied his motion to confirm the award and granted that branch of the cross motion of Devorah Hirsch which was to vacate the award.

Ordered that the order is affirmed insofar as appealed from, with costs.

The husband, Ephrayim Hirsch, and the wife, Devorah Hirsch, who were separated, agreed to submit certain matrimonial claims to arbitration by a Bais Din in accordance with Jewish law. The Bais Din issued an award in June 2002, and the husband commenced a proceeding to confirm the award. The Supreme Court denied the husband's motion to confirm the award and granted the wife's cross motion to vacate the award on the ground, inter alia, that its provisions violate public policy. We agree.

The Bais Din awarded joint custody of the children to the parties, with residential custody to the wife and liberal visitation to the husband. Disputes concerning child custody and visitation are not subject to arbitration as "the court's role as *parens patriae* must not be usurped" (*Glauber v Glauber*, 192 AD2d 94, 98 [1993]; *see Lipsius v Lipsius*, 250 AD2d 820 [1998]; *Nestel v Nestel*, 38 AD2d 942 [1972]). The parties' matrimonial action was pending in which custody was an issue, and a Family Court order was in effect which granted custody to the wife and supervised visitation to the husband. Accordingly, the Supreme Court properly determined that the Bais Din's award with respect to these issues was contrary to public policy.

Although the issue of child support is subject to arbitration,

an award may be vacated on public policy grounds if it fails to comply with the Child Support Standards Act (hereinafter the CSSA) and is not in the best interests of the children (*see Hampton v Hampton,* 261 AD2d 362 [1999]). We agree with the Supreme Court that the award, which directed the husband to pay the sum of only $457 a month as support for the parties' six children, was not in the children's best interests, and was not made in compliance with the CSSA (*see Gottesman v Gottesman,* 290 AD2d 201 [2002]). The Family Court had previously directed the husband to pay support in the sum of $340 a week, based in part on his earning capacity. The Bais Din failed to consider the husband's earning capacity or any income available to him from the four businesses he owned in determining the amount of support.

The wife's father, Henry Osterman, was the record owner of the parties' marital residence, which he purchased about six months prior to the parties' separation. The Bais Din directed that this property be sold and that the husband receive 50% of the proceeds. However, since Osterman was not a party to the arbitration agreement, and he did not authorize the Bais Din to dispose of his property, the award deprived him of his property without due process and was not binding on him (*see Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289, 296 [1986]; *cf. Matter of Little Neck Computers v Guido,* 217 AD2d 659 [1995]). Accordingly, this provision of the award was invalid.

The Bais Din's award directed the wife to withdraw a pending criminal complaint against the husband. However, an arbitration award that deprives a party of a constitutional right to seek redress or protection in a civil or criminal matter is against public policy (*see Rakoszynski v Rakoszynski,* 174 Misc 2d 509, 515 [1997]). Furthermore, the Bais Din's award of an attorneys' fee to the husband was invalid because the parties' arbitration agreement did not authorize such an award (*see Myron Assoc. v Obstfeld,* 224 AD2d 504 [1996]).

The husband contends that, assuming some provisions of the award were invalid, the Supreme Court erred in vacating the entire award, as the valid and invalid provisions were not "inextricably intertwined" (*Johnston v Johnston,* 161 AD2d 125, 129 [1990]). We disagree. The remaining provisions of the award addressed issues, inter alia, of marital property, separate property, maintenance, and educational costs for the children, which are intertwined with the issues of the husband's child support obligation and the disposition of the marital residence. Accordingly, under the circumstances of this case, the Supreme Court properly vacated the entire award.

In view of our determination, we need not reach the wife's remaining contentions. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.