■ In the Matter of SHEREE L. CARDEON et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [794 NYS2d 194]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered May 14, 2004 in a proceeding to vacate an arbitration award. The order denied the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners appeal from an order denying their petition to vacate an arbitration award on the ground that the arbitrator did not act impartially. "An arbitrator's award may be vacated only upon the grounds specified in CPLR 7511" (*Matter of Blamowski [Munson Transp.]*, 91 NY2d 190, 194 [1997]). Among the grounds for vacating an arbitration award is the partiality of an arbitrator (CPLR 7511 [b] [1] [ii]). Petitioners contend that the arbitrator displayed partiality by keeping the record open so that respondent could submit the supplemental report of a doctor it retained to review the medical records of petitioner Sheree L. Cardeon. That course of action does not establish "actual bias or the appearance of bias from which a conflict of interest may be inferred" (*Matter of City School Dist. of Oswego [Oswego Classroom Teachers Assn.]*, 100 AD2d 13, 17, [1984], *order amended on other grounds* 101 AD2d 1027 [1984]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.