■ DAVID SCHECHTER, Respondent, v WENDY ZEHAVA SCHECHTER, Appellant. [881 NYS2d 151]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated April 1, 2008, as granted that branch of the plaintiff's motion which was to confirm so much of an arbitration award rendered by a religious tribunal as awarded the parties joint custody of and visitation with their 14-year-old daughter, (2) from an order of the same court also dated April 1, 2008, which, inter alia, denied the defendant's motion, among other things, to hold the plaintiff

in contempt as a result of his failure to comply with certain "so-ordered" stipulations, and (3), as limited by her brief, from so much of a judgment of the same court entered June 25, 2008, as awarded the parties joint custody of and visitation with their 14-year-old daughter.

Ordered that the appeal from so much of the order dated April 1, 2008, as granted that branch of the plaintiff's motion which was to confirm so much of the arbitration award rendered by the religious tribunal as granted the parties joint custody of and visitation with their 14-year-old daughter is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 1, 2008, which, inter alia, denied the defendant's motion, among other things, to hold the plaintiff in contempt is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was to confirm so much of the arbitration award as awarded the parties joint custody of and visitation with their 14-year-old daughter is denied, and the order dated April 1, 2008, which decided that motion is modified accordingly; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to the issues of custody and visitation with respect to the parties' 14-year-old daughter; and it is further,

Ordered that pending the new hearing and determination by the Supreme Court, the parties shall continue to have joint custody of and visitation with their 14-year-old daughter.

The appeal from so much of the order dated April 1, 2008, as granted that branch of the plaintiff's motion which was to confirm so much of the arbitration award as awarded the parties joint custody of and visitation with the parties' 14-year-old daughter must be dismissed, as that part of the order was superseded by the judgment (see *Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that order have been considered on the appeal from the judgment.

The plaintiff and the defendant entered into an agreement pursuant to which they agreed to arbitrate all marital issues between them before a rabbinical arbitration tribunal, the Bais Din. Thereafter, in its decision, the Bais Din, inter alia, stated that the parties were to have joint custody of and visitation with their 14-year-old daughter. The plaintiff subsequently moved to confirm the arbitration award by the Bais Din and the

defendant consented to the court confirming the award, with certain exceptions. The defendant sought to have sole legal custody of the parties' 14-year-old daughter and requested that the court ascertain the daughter's wishes.

Inasmuch as custody and visitation disputes are not subject to arbitration (*see Matter of Hirsch v Hirsch*, 4 AD3d 451 [2004]; *Hom v Hom*, 270 AD2d 391 [2000]; *Cohen v Cohen*, 195 AD2d 586 [1993]), that branch of the plaintiff's motion which was to confirm so much of the arbitration award as awarded the parties joint custody of and visitation with their 14-year-old daughter should have been denied. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing and determination as to the issues of custody and visitation with respect to the parties' 14-year-old daughter.

The defendant's remaining contentions are without merit. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.