■ JOSEPH BERG, Appellant, v HADASSAH BERG, Respondent. [927 NYS2d 83]—

In a matrimonial action in which the parties were divorced by judgment dated March 5, 2007, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court,

Kings County (Sunshine, J.), dated December 23, 2009, as denied his motion to vacate an arbitration award dated May 20, 2009, granted the defendant's motion to confirm the arbitration award, denied that branch of his motion which was, in effect, to terminate the children's therapy with leave to renew after the matter has been referred to a parent coordinator as provided in the parties' stipulation, and directed a hearing on that branch of his motion which was, in effect, to terminate certain medication for one of the parties' children.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as directed a hearing on that branch of the plaintiff's motion which was, in effect, to terminate certain medication for one of the parties' children is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff and the defendant, who are the parents of 10-year-old twins, were separated and agreed to arbitrate the dissolution of their marriage before a rabbinical court, or Beth Din. They subsequently divorced, and the Beth Din limited the arbitration to the financial issues. The Beth Din issued an award dated January 6, 2008, and the plaintiff moved to vacate it. The Supreme Court vacated the award to the extent of remitting to the arbitrators the issue of the amount of child support payable by the plaintiff, and it otherwise confirmed the award. The Beth Din issued a second award, dated May 20, 2009, setting forth its rationale for the amount of child support payable by the plaintiff. The plaintiff moved to vacate this second award and, inter alia, for a hearing as to whether one of their children should be medicated and whether both children should continue in therapy. The Supreme Court denied the plaintiff's motion and confirmed the award. The plaintiff appeals.

Although the issue of child support is subject to arbitration, an award of child support may be vacated on public policy grounds if it fails to comply with the Child Support Standards Act (hereinafter CSSA) and is not in the best interests of the children (*see Matter of Hirsch v Hirsch*, 4 AD3d 451 [2004]; *Gottesman v Gottesman*, 290 AD2d 201 [2002]; *Hampton v Hampton*, 261 AD2d 362 [1999]). Here, the plaintiff failed to articulate how the award was incompatible with the objectives of CSSA or how it was not in the best interests of the children. The arbitrators were entitled to reject the plaintiff's account of

his finances and impute income to him based on his past income or earning potential (*see Curran v Curran*, 2 AD3d 391 [2003]; *Rocanello v Rocanello*, 254 AD2d 269 [1998]).

The Supreme Court properly directed a hearing on the issue of whether one of the children should be medicated. In addition, that branch of the plaintiff's motion which was, in effect, to terminate the children's therapy, was properly denied with leave to renew after the matter has been referred to a parent coordinator as provided in the parties' stipulation. The stipulation sets forth, inter alia, a procedure for settling disputes between the plaintiff and defendant. The plaintiff must follow this procedure before he can resort to a court. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.