■ In the Matter of the Arbitration Between Eastman Associates, Inc., Respondent, and Juan Ortoo Holdings, Ltd., Appellant. [935 NYS2d 166]—

Malone Jr., J.

Petitioner was hired by respondent to construct a lodge in Otsego County and the parties entered into a construction contract that contained provisions requiring all claims and disputes to be subject to binding arbitration. After a dispute arose between the parties, petitioner filed a demand for arbitration, seeking payment due on the contract, less the costs associated with resolving an alleged sound attenuation problem in the lodge. Respondent counterclaimed for damages, alleging that the lodge had been improperly constructed. During the ensuing hearing, after it was discovered that respondent had intentionally withheld a substantial amount of evidence, the arbitrator issued an interim decision dismissing all of respondent's counterclaims, except for the claim regarding the sound attenuation issue. Ultimately, at the conclusion of the hearing, the arbitrator awarded petitioner the balance due on the contract, without deducting the costs associated with resolving the sound attenuation problem, as well as counsel fees. Petitioner then commenced this proceeding to confirm the arbitration award and respondent cross-petitioned to vacate such award. Supreme Court confirmed the award and respondent appeals.

An arbitration award can be vacated only on the grounds stated in CPLR 7511. "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact' " (*Matter of Kowaleski [New York State Dept. of Correctional*

*Servs.],* 16 NY3d 85, 91 [2010], quoting *Matter of Falzone [New York Cent. Mut. Fire Ins. Co.],* 15 NY3d 530, 534 [2010]). Here, respondent seeks to vacate the award on the basis that the arbitrator was not impartial (*see* CPLR 7511 [b] [1] [ii]) and that she exceeded her power by issuing an irrational award (*see* CPLR 7511 [b] [1] [iii]).

To vacate an award on the basis of irrationality, a party must show that there was "no proof whatever to justify the award" (*Matter of Local 342 v Town of Huntington,* 52 AD3d 720, 721 [2008] [internal quotation marks and citation omitted]). Here, respondent asserts that, inasmuch as petitioner conceded that respondent was entitled to a monetary credit for the sound attenuation issue and various other deficiencies in the lodge construction, it was irrational for the arbitrator to dismiss its counterclaims and award the entire balance of the contract amount to petitioner. However, the record demonstrates that, although petitioner initially conceded that respondent was entitled to a credit, it withdrew that concession after it was discovered that the tests on the lodge that were performed by respondent's expert witness, and which formed the basis of the expert's opinion, did not comply with the applicable guidelines. Moreover, 12 days into the 14-day hearing, it was discovered that respondent had withheld from evidence nearly 1,000 photographs that were relevant to petitioner's defenses against respondent's counterclaims. The arbitrator determined that respondent's willful withholding of the evidence prejudiced petitioner's defense and that petitioner likely would not have made concessions if the photographs had been properly disclosed by respondent. As a result, the arbitrator granted petitioner's motion to dismiss respondent's counterclaims. Procedural matters, such as this discovery dispute, are left to the sound discretion of the arbitrator and, under the circumstances here, it cannot be said that it was irrational for the arbitrator to dismiss respondent's counterclaims as a result of respondent's belated disclosure of the photographs (*see Matter of Sobel [Charles Schwab & Co., Inc.],* 37 AD3d 877, 878 [2007]; *see also* CPLR 3126).

As for respondent's claims regarding the arbitrator's calculation of the balance owed to petitioner, the record reveals that petitioner submitted documentation, which was signed by both parties, that established the final contract price, and respondent's chief financial officer testified as to the amount that respondent had already paid to petitioner. We find nothing irrational about the arbitrator's decision to award petitioner the difference between the two figures. Although respondent claims

that, in awarding the full contract balance to petitioner, the arbitrator ignored its proof regarding the sound attenuation problem, the record reflects that the arbitrator specifically determined the "worth [of that evidence] to be de minimus" because the author of respondent's acoustics report was not made available for cross-examination and the expert that respondent did present at the hearing could not explain or defend the methodology used to compile the report. Under these circumstances, it cannot be said that the arbitrator failed to fully consider respondent's evidence (*see Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo*, 50 AD3d 1503, 1505 [2008], *lv denied* 11 NY3d 708 [2008]; *Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879-880 [2000]).

Finally, respondent contends that the arbitrator's award in petitioner's favor was the result of bias, rather than the evidence. However, as noted by Supreme Court, respondent did not raise the issue of the arbitrator's alleged partiality during the hearing and, thus, waived any challenge thereto (*see Douglas Elliman, LLC v Parker Madison Partners, Inc.*, 45 AD3d 252 [2007]). In any event, respondent's allegations of bias consist solely of claims that the arbitrator unfairly weighed the evidence in petitioner's favor and made credibility assessments against it. These speculative allegations do not provide clear and convincing evidence of bias (*see Matter of Cardeon v New York Cent. Mut. Fire Ins. Co.*, 17 AD3d 1037 [2005]).

Mercure, A.P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment are affirmed, without costs.