■ In the Matter of CRAIG GAYMON, Appellant, v MTA Bus Co., Respondent. [985 NYS2d 137]—

In a proceeding pursuant to CPLR article 78 that was converted into a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated January 11, 2011, in which MTA Bus Co., in effect, cross-petitioned, inter alia, to confirm the award, the petitioner appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 4, 2012, which, in effect, denied the petition and granted the cross petition.

Ordered that the order is affirmed, with costs.

MTA Bus Co. (hereinafter MTABC) dismissed the petitioner from his employment as a bus driver, after he allegedly violated MTABC's policy banning cell-phone use while operating a bus. On three separate prior occasions, the petitioner failed to comply with the policy and, in accordance with that policy, he had previ-

ously been suspended from employment for a period of 10 days. Following the petitioner's fourth violation, he was terminated from his employment. Thereafter, the petitioner's union filed a grievance challenging the termination, and an arbitration hearing was conducted. After the hearing, the arbitrator concluded that the petitioner committed a "cell phone violation," and that MTABC's decision to terminate the petitioner was proper. In April 2011, the petitioner commenced the instant proceeding, seeking to vacate the award of the arbitrator, and MTABC, in effect, cross-petitioned to confirm the award. The Supreme Court, in effect, denied the petition, granted the cross petition, and confirmed the arbitration award. The petitioner appeals.

"Judicial review of an arbitrator's award is extremely limited" (*Matter of Town of Babylon v Carson*, 111 AD3d 951, 953 [2013] [internal quotation marks omitted]). A court may vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) "only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]).

In the instant matter, the petitioner contends that the arbitration award was irrational. An award is irrational when there is no proof whatever to justify the award (*see Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094 [2011], *cert denied* 568 US —, 133 S Ct 572 [2012]). The arbitrator's award was justified and, hence, rational. The record reflects that the petitioner was aware of MTABC's cell-phone policy, and had been previously suspended for 10 days for violating the policy. The petitioner nonetheless continued to violate the policy. Violation of the MTABC's cell-phone policy, which also violates New York law, constitutes appropriate grounds for termination of employment. That the arbitrator may have treated the petitioner differently or less favorably than another similarly situated bus driver is not a ground to vacate the arbitration award (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]). "Courts are bound by an arbitrator's . . . judgment concerning remedies [and] cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.