■ In the Matter of BOOJALA VIJAY B. REDDY, Appellant, v FREDERICK P. SCHAFFER, General Counsel, City University of New York (CUNY), Respondent. [1 NYS3d 123]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 23, 2012, the petitioner appeals from an order of the Supreme Court, Queens County (Butler, J.), dated February 7, 2013, which denied the petition and granted the respondent's motion to confirm the award.

Ordered that the order is affirmed, with costs.

The petitioner commenced this proceeding to vacate an arbitration award finding that the respondent's denial of his application for tenure did not violate a collective bargaining agreement between the City University of New York (Queens College) (hereinafter CUNY) and the Professional Staff Congress, CUNY's statement of personnel practices, or CUNY's bylaws. The Supreme Court denied the petition and granted the respondent's motion to confirm the award. On appeal, the petitioner contends that the Supreme Court should have vacated the arbitration award pursuant to CPLR 7511 (b) (1) (ii) and (iii).

Judicial review of an arbitrator's award is extremely limited (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *Matter of Gaymon v MTA Bus Co.*, 117 AD3d 735 [2014]; *Matter of Sheriff Officers Assn., Inc. v Nassau County*, 113 AD3d 620 [2014]). Under CPLR 7511 (b) (1) (ii), an arbitration award may be vacated if the rights of a party were prejudiced by the partiality of the arbitrator (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Here, there is no merit to the petitioner's allegations of partiality on the part of the arbitrator. The petitioner does not allege that the arbitrator had any prior contact or association with the respondent, let alone an ongoing relationship (*see Artists & Craftsmen Bldrs. v Schapiro*, 232 AD2d 265, 266 [1996]; *Matter of Henry Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678, 678-679 [1993]).

A court may vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *Matter of Gaymon v MTA Bus Co.*, 117 AD3d at 736; *Matter of Town of Babylon v Carson*, 111 AD3d 951, 953 [2013]; *Matter of Aftor v Geico Ins. Co.*, 110 AD3d 1062, 1064 [2013]). Here, the petitioner does not

contend that the arbitrator clearly exceeded a specifically enumerated limitation on the arbitrator's power.

The petitioner's contention that the arbitrator's award was irrational is without merit. An award is irrational only where there is no proof whatever to justify the award (*see Matter of Gaymon v MTA Bus Co.*, 117 AD3d at 736; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1095 [2011]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729-730 [2009]). Here, the arbitrator's award was supported by ample documentary evidence in the record.

The petitioner's contention that the award was against public policy is without merit. An arbitration award violates public policy only where a court can conclude, without engaging in any extended fact-finding or legal analysis, that a law prohibits the particular matters to be decided by arbitration, or where the award itself violates a well-defined constitutional, statutory, or common law of this state (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003]). The petitioner does not allege that either of these exceptions apply here. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.