In the Matter of RAISIE GOLDBERG, Respondent, v SHMUEL Z.B. GOLDBERG, Appellant. [1 NYS3d 360]—

In a proceeding pursuant to CPLR 7510 to confirm an arbitration award dated September 27, 2011, Shmuel Z.B. Goldberg appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated September 12, 2012, as granted those branches of the petition which were to confirm so much of an arbitration award rendered by a religious tribunal as determined custody, visitation, and his child support obligation.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the petition which was to confirm so much of the arbitration award as determined custody and visitation, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County for a hearing and determination on the issues of custody and visitation; and it is further,

Ordered that pending the hearing and determination by the Supreme Court, the parties shall have custody and visitation as provided for by the arbitration award.

Raisie Goldberg (hereinafter the mother) and Shmuel Z.B. Goldberg (hereinafter the father) entered into an agreement pursuant to which they agreed to arbitrate all marital issues between them before a rabbinical arbitration tribunal, the Beth Din Kollel Avreichem and Yeshiva (Badatz) (hereinafter the Beth Din). Thereafter, the Beth Din issued a decision, inter alia, awarding the parties joint legal custody of the parties' children, awarding the mother residential custody, awarding the father certain visitation, and determining the father's child support obligation. The mother commenced this proceeding pursuant to CPLR 7510 to confirm the Beth Din award. In an order dated September 12, 2012, the Supreme Court, inter alia, granted those branches of the petition which were to confirm so much of the award as determined custody and visitation and so much of the award as determined the father's child support obligation.

Although the parties consented to arbitration of custody and visitation matters, they had no power to do so. "Disputes concerning child custody and visitation are not subject to arbitration as 'the court's role as parens patriae must not be usurped' " (*Matter of Hirsch v Hirsch*, 4 AD3d 451, 452 [2004], quoting *Glauber v Glauber*, 192 AD2d 94, 98 [1993]; *see Schechter v Schechter*, 63 AD3d 817, 819 [2009]). Accordingly, that branch of the petition which was to confirm the custody and visitation provisions of the arbitration award should have been denied, and the matter must be remitted to the Supreme Court, Kings County, for a hearing and determination as to the issues of custody and visitation (*see Schechter v Schechter*, 63 AD3d at 819; *Cohen v Cohen*, 195 AD2d 586, 588 [1993]).

An arbitration award concerning child support may be vacated on public policy grounds if it fails to comply with the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]) and is not in the best interests of the children (*see Berg v Berg*, 85 AD3d 952, 953-954 [2011]; *Matter of Hirsch v Hirsch*, 4 AD3d at 453; *Gottesman v Gottesman*, 290

AD2d 201, 202 [2002]; *Hampton v Hampton*, 261 AD2d 362, 363 [1999]). Here, the father failed to demonstrate that the award of child support was incompatible with the objectives of the CSSA and that it was not in the best interests of the children. Under the circumstances of this case, we decline to disturb the Supreme Court's determination to confirm so much of the Beth Din's award as directed the father to pay the children's religious school tuition and expenses (*see Matter of Paccione v Paccione*, 57 AD3d 900, 903 [2008]; *Cohen v Cohen*, 21 AD3d 341, 342 [2005]; *Chan v Chan*, 267 AD2d 413, 414 [1999]; *Valente v Valente*, 114 AD2d 951, 951-952 [1985]). Consequently, the Supreme Court properly granted that branch of the petition which was to confirm the child support provisions of the arbitration award.

The father's remaining contentions are without merit. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.