■ VICTOR DEDVUKAJ et al., Appellants, v RONALD H. PARLATO et al., Respondents, et al., Defendant. [24 NYS3d 530]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Hubert, J.), entered March 7, 2014, which, upon an order of the same court dated February 24, 2014, granting the motion of the defendants Ronald H. Parlato and Shell Builders Corp. to confirm an arbitration award dated January 7, 2013, and denying that branch of the plaintiffs' cross motion which was to vacate the award, is in favor of the defendant Shell Builders Corp. and against them in the principal sum of $602,455.63.

Ordered that the judgment is affirmed, with costs.

Judicial review of arbitration awards is extremely limited (*see Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.]*, 100 AD3d 878 [2012]). The award "must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006] [internal quotation marks omitted]). Outside of the narrowly circumscribed exceptions of CPLR

7511, "courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (*Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.]*, 90 AD3d 1284, 1284 [2011] [internal quotation marks omitted]).

Here, each of the plaintiffs' challenges to the arbitration award either concerns an unreviewable error of law or fact (*see id.* at 1284), fails to establish that the arbitrator engaged in misconduct (*see* CPLR 7511 [b] [1] [i]; *Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.]*, 100 AD3d at 879), or fails to establish that the award violates a strong public policy, is irrational, or clearly exceeds the arbitrator's power (*see* CPLR 7511 [b] [1] [iii]; *Matter of Reddy v Schaffer*, 123 AD3d 935, 936 [2014]).

The plaintiffs' remaining contention is without merit. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.