Zar v Yaghoobzar (2018 NY Slip Op 03170)





Zar v Yaghoobzar


2018 NY Slip Op 03170


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-08257
 (Index Nos. 200678/15, 6616/15)

[*1]Shahla Zar, respondent, 
v
Nasser Yaghoobzar, appellant. (Matter No. 1)
In the Matter of Nasser Yaghoobzar, appellant,
v
Shahla Zar, respondent. (Matter No. 2)


Warren S. Hecht, Forest Hills, NY, for appellant.
Wisselman & Associates, Great Neck, NY (Lisa M. Gardner of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief and a related proceeding pursuant to CPLR article 75, the husband appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered July 5, 2016. The order denied the husband's petition pursuant to CPLR 7510 to confirm an award of a Rabbinical Court dated August 23, 2014, and for a judgment pursuant to CPLR 7514, and, in effect, granted that branch of the wife's motion which was to vacate the award. The order also, in effect, granted that branch of the wife's separate motion which was to strike the husband's affirmative defense in the divorce action, and directed both parties to file and exchange affidavits of net worth and retainer statements and to appear for a preliminary conference.
ORDERED that the order is reversed, on the law, with costs, the petition to confirm the Rabbinical Court award dated August 23, 2014, and for a judgment pursuant to CPLR 7514 is granted, that branch of the wife's motion which was to vacate the award is denied, that branch of the wife's separate motion which was to strike the husband's affirmative defense in the divorce action is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, including the entry of an appropriate judgment.
The parties were married in 1968 and have two adult children together. In April 2013, the wife, who was represented by counsel, commenced an action in Nassau County for a divorce and ancillary relief. The action was voluntarily discontinued on August 13, 2013, after the parties agreed to submit to binding arbitration before the Beit Din Tzedek Bircat Mordechai (hereinafter the Beit Din) "any matter relating to the dissolution of their marriage and divorce," including "any issues of division of property." It is undisputed that both parties participated in the arbitration, and the Beit Din thereafter issued its award on August 23, 2014.
In March 2015 the wife subsequently commenced the instant action for a divorce and ancillary relief, and the husband raised an affirmative defense asserting that the Supreme Court lacked jurisdiction based on the existence of the agreement to arbitrate and the Beit Din's award. The husband also commenced a separate proceeding pursuant to CPLR article 75 to confirm the Beit Din's award and for the entry of a judgment pursuant to CPLR 7514. The wife opposed the petition [*2]and moved to vacate the award. The wife also separately moved, inter alia, to strike the husband's affirmative defense in the divorce action. The action and proceeding were eventually joined, and each party thereafter submitted papers in support of their respective motions and in opposition to the relief sought by the other party.
By order entered July 5, 2016, the Supreme Court denied the husband's petition and, in effect, granted that branch of the wife's motion which was to vacate the Beit Din's award. The order also, in effect, granted that branch of the wife's separate motion which was to strike the husband's affirmative defense in the divorce action and directed both parties to file and exchange affidavits of net worth and retainer statements and to appear for a preliminary conference. The court determined, inter alia, that the Beit Din's award was irrational, violative of public policy, and unconscionable on its face. The husband appeals, and we reverse.
As a threshold matter, the wife's contentions that she was coerced by the husband to sign the agreement to arbitrate and that she could not understand the agreement because of her limited comprehension of English cannot be entertained, as such contentions speak to the validity of the underlying agreement to arbitrate, which, in the context of a proceeding to confirm an award, may only be challenged by "a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate" (CPLR 7511[b][2][ii]). Since it is undisputed that the wife participated in the arbitration, she is precluded at this juncture from claiming that there was no valid agreement to arbitrate (see Matter of Meisels v Uhr, 79 NY2d 526, 538).
Judicial review of an arbitration award is extremely limited (see CPLR 7510, 7511; Matter of Reddy v Schaffer, 123 AD3d 935, 936). "Outside of the narrowly circumscribed exceptions of CPLR 7511, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact'" (Dedvukaj v Parlato, 136 AD3d 733, 733-734, quoting Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1284).
"An award is irrational only where there is no proof whatever to justify the award" (Matter of Reddy v Schaffer, 123 AD3d at 937). Moreover, that showing must be made by clear and convincing evidence (see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230). Here, the very limited record does not even reveal what evidence was submitted to the arbitrators regarding, among other things, the parties' assets and financial condition. Therefore, the Supreme Court lacked any basis upon which to conclude that the award was irrational.
"An arbitration award violates public policy only where a court can conclude, without engaging in any extended fact-finding or legal analysis, that a law prohibits the particular matters to be decided by arbitration, or where the award itself violates a well-defined constitutional, statutory, or common law of this state" (Matter of Reddy v Schaffer, 123 AD3d at 937). Here, the Supreme Court found that the award was per se violative of public policy because the arbitrator failed to apply Domestic Relations Law § 236(B) (hereinafter the Equitable Distribution Law) in deciding issues relating to maintenance and the distribution of marital assets. This was error.
The fact that parties may contractually elect to depart from the provisions of the Equitable Distribution Law (see Domestic Relations Law § 236[B][3]) supports the view that strict compliance with its terms is not mandated as a matter of New York public policy (cf. Hirsch v Hirsch, 37 NY2d 312, 315-316; Matter of Luttinger, 294 NY 855). Unlike in matters of child support, for instance, where closer scrutiny of awards for compliance with Domestic Relations Law § 240(1-b) and the best interests of the children is warranted by reason of the court's duty as parens patriae (see e.g. Matter of Goldberg v Goldberg, 124 AD3d 779, 780; Berg v Berg, 85 AD3d 952, 953), public policy does not generally preclude spouses from charting their own course with respect to financial matters affecting only themselves.
Moreover, we disagree with the Supreme Court's determination that the Beit Din's award was unconscionable on its face. Unconscionability is a doctrine grounded in contract law, which can be applied to invalidate an agreement to arbitrate (see Sablosky v Gordon Co., 73 NY2d 133, 138; Arabian v Arabian, 79 AD3d 517) or a marital agreement entered into before or during the marriage (see Domestic Relations Law § 236[B][3]). The doctrine, which requires proof of both procedural unconscionability in the formation of the contract, as well as substantive unconscionability in the terms of the contract (see generally Simar Holding Corp. v GSC, 87 AD3d [*3]688), is not a statutory ground upon which an arbitration award may be reviewed, let alone set aside (see CPLR 7511). If the arbitral procedure was tainted by corruption, fraud, or misconduct, or the partiality of an arbitrator appointed as a neutral, the proper remedy is to move to vacate the award pursuant to CPLR 7511(b)(1)(i) or (ii). Here, the wife failed to establish any such grounds to vacate the award.
The wife's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the husband's petition to confirm the Rabbinical Court award dated August 23, 2014, and for a judgment pursuant to CPLR 7514, denied that branch of the wife's motion which was to vacate the award, and denied that branch of the wife's separate motion which was to strike the husband's affirmative defense in the divorce action.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court