Matsui v Matsui (2021 NY Slip Op 06843)





Matsui v Matsui


2021 NY Slip Op 06843


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2021-01165
2021-02391
 (Index No. 706650/20)

[*1]Shimon A. Matsui, appellant,
v
Miryam Matsui, respondent.


Steven P. Forbes, Huntington, NY, for appellant.
Kule Seid-Vazana & Associates, P.C., Garden City, NY (Linda Kule of counsel), for respondent.
Jaime Bower, Jamaica, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), entered February 9, 2021, and (2) a judgment of divorce of the same court entered March 25, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was to vacate a prior order of the same court dated September 10, 2020. The judgment of divorce, insofar as appealed from, awarded the defendant physical custody of the parties' children and awarded the plaintiff certain parental access.
ORDERED that the appeal from the order entered February 9, 2021, is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination regarding custody consistent herewith; and it is further,
ORDERED that pending the new determination, the provisions of the judgment of divorce regarding custody and parental access shall remain in effect.
The parties were married in New York in 2014, and have two minor children. The
plaintiff is a citizen of the United States, and the defendant is a citizen of Israel. During the marriage, the parties lived together in New York. In 2019, the plaintiff commenced this action for a divorce and ancillary relief. In September 2019, the parties entered into a stipulation of settlement which contained an arbitration clause providing that an arbiter would resolve disputes including those regarding custody and visitation of the children, and also contained a clause allowing the defendant to move to Israel with the children. In December 2019, the defendant and the children moved to Israel in accordance with the stipulation.
In an order entered February 9, 2021, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate a prior order of the same court dated September 10, 2020. A judgment of divorce entered March 25, 2021, which incorporated, but did [*2]not merge, the stipulation, awarded the defendant physical custody of the children and awarded the plaintiff certain parental access.
The appeal from the order entered February 9, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The Supreme Court erred in declining to exercise jurisdiction over the parties' custody/parental access disputes on the basis that their stipulation of settlement, which was incorporated but not merged into their judgment of divorce, contained an arbitration clause (see Matter of Goldberg v Goldberg, 124 AD3d 779, 780; Schechter v Schechter, 63 AD3d 817; Glauber v Glauber, 192 AD2d 94, 98). "Disputes concerning child custody and visitation are not subject to arbitration as 'the court's role as parens patriae must not be usurped'" (Matter of Hirsch v Hirsch, 4 AD3d 451, 452 [emphasis omitted], quoting Glauber v Glauber, 192 AD2d at 98; see Schechter v Schechter, 63 AD3d at 819).
Moreover, since the Supreme Court has made previous custody determinations concerning the parties' children, the court, prior to determining whether it has subject matter jurisdiction, must first determine whether the defendant and the children have a significant connection with New York and whether there is substantial evidence in New York (see Domestic Relations Law § 76-a[1][a]; Matter of Hodge v Hodges-Nelson, 183 AD3d 825, 825-826). Thus, we remit the matter to the Supreme Court, Queens County, for a determination of that issue. If, upon remittal, the court determines, upon a complete examination of the evidence submitted, that it retains exclusive, continuing jurisdiction over the custody and parental access issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors and after allowing the parties to be heard, that New York is an inconvenient forum (see Domestic Relations Law § 76-f[1], [2]; Matter of Brinkley v Flood, 173 AD3d 858, 859).
CHAMBERS, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court