Kairey v Hirsch (2026 NY Slip Op 00768)

Kairey v Hirsch

2026 NY Slip Op 00768

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2023-06894
 (Index No. 53206/18)

[*1]Elizabeth M. Kairey, appellant,
vElliot M. Hirsch, respondent.

Mishaan Dayon LLP, New York, NY (Saul A. Mishaan of counsel), for appellant.

DECISION & ORDER
In an action for divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Kings County (Joanne D. Quinones, J.), dated July 26, 2023. The judgment of divorce, insofar as appealed from, upon an order of the same court (Delores J. Thomas, J.) dated December 8, 2020, inter alia, denying that branch of the plaintiff's motion which was pursuant to CPLR 7510 to confirm so much of an arbitration award dated May 3, 2018, as amended February 14, 2019, as determined the duration of the defendant's child support obligation, and thereupon, modifying that portion of the arbitration award, provided that the defendant's child support obligation would continue only until the parties' child reached 21 years of age. By decision and order on motion of this Court dated July 25, 2025, the notice of appeal from the order dated December 8, 2020, was deemed to be a premature notice of appeal from the judgment of divorce (see CPLR 5520[c]).
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 7510 to confirm so much of the arbitration award as determined the duration of the defendant's child support obligation is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment of divorce consistent herewith.
The plaintiff and the defendant were married in November 2013. In November 2017, they agreed to submit to binding arbitration before the Bet Din Ohr Halacha (hereinafter the Bet Din) to determine certain marital issues between them, including the issue of child support. The Bet Din issued a decision dated May 3, 2018, as amended February 14, 2019 (hereinafter the arbitration award), determining, inter alia, that the defendant's child support obligation would terminate upon the subject child reaching 24 years of age or the child's marriage, whichever came first. In June 2018, the plaintiff commenced this action for divorce and ancillary relief.
The plaintiff subsequently moved pursuant to CPLR 7510 to confirm the arbitration award. In an order dated December 8, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to confirm so much of the arbitration award as determined the duration of the defendant's child support obligation, and thereupon, modified that portion of the arbitration award such that the defendant's child support obligation would terminate upon the child reaching 21 years of age. A judgment of divorce dated July 26, 2023, inter alia, provided that the defendant's child support obligation would continue until the child reached 21 [*2]years of age. The plaintiff appeals.
"Judicial review of an arbitration award is extremely limited" (Zar v Yaghoobzar, 161 AD3d 815, 817, citing CPLR 7510, 7511; see Matter of Reddy v Schaffer, 123 AD3d 935, 936). Outside of the narrowly circumscribed exceptions of CPLR 7511, "courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (Dedvukaj v Parlato, 136 AD3d 733, 733-734 [internal quotation marks omitted]).
An arbitration award concerning child support may be vacated on public policy grounds if it fails to comply with the Child Support Standards Act (CSSA) (see CPLR 7511; Domestic Relations Law § 240[1-b]) and is not in the best interests of the child (see Berg v Berg, 85 AD3d 952, 953-954; Matter of Hirsch v Hirsch, 4 AD3d 451, 453; Hampton v Hampton, 261 AD2d 362, 363). Here, the Supreme Court erred in modifying the arbitration award, as the arbitration award is not incompatible with the objectives of the CSSA, and there is no evidence in the record that the arbitration award was not in the best interest of the child (see Matter of Goldberg v Goldberg, 124 AD3d 779, 781). 
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to confirm so much of the arbitration award as determined the duration of the defendant's child support obligation, and the matter must be remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment of divorce consistent herewith.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court