Weiss v. Sallie Mae, Inc.

In the
# United States Court of Appeals
for the
# Second Circuit

August Term, 2018

Argued:   May 16, 2019
Decided: September 12, 2019

Docket No. 18-2362

ROBIN WEISS,

*Plaintiff-Appellant*,

ANDREW SCHAUS,

*Plaintiff*,

v.

SALLIE MAE, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of New York (Vilardo, *J.*)
No. 13-cv-689

Before:

WALKER, CABRANES, HALL, *Circuit Judges*.

Appeal from the July 13, 2018 decision and order of the United States District Court for the Western District of New York (Vilardo, *J.*) granting Defendant-Appellee's motion to vacate an arbitration award based on the arbitrator's failure to apply a general release provision in a settlement agreement that barred all of Plaintiff-Appellant's claims. We agree with the district court that the arbitrator ignored the unambiguous terms of the general release and therefore conclude that the award of statutory damages for a subset of Plaintiff's claims is irreconcilable with the arbitrator's determination that Plaintiff was a member of the settlement class and that she received adequate notice of its terms. The arbitrator's failure to provide an explanation for these mutually exclusive determinations renders this Court unable to ascertain whether the arbitrator adhered to applicable substantive law as required by the parties' arbitration agreement and, consequently, whether the arbitral award was issued in manifest disregard of the law, as the district court held. We therefore vacate the decision and order of the district court and remand the case to provide an opportunity for the district court to require the arbitrator to clarify whether he intended to deem the class notice sufficient and, if determined to be sufficient, to construe the general release in the first instance and vacate or modify the award as necessary.

VACATED AND REMANDED.

KENNETH R. HILLER, (Seth J. Andrews, *on the brief*), Law Offices of Kenneth Hiller, PLLC, Amherst, NY, *for Plaintiff-Appellant*.

CHRISTOPHER R. RAMOS, (Lisa M. Simonetti, *on the brief*), Vedder Price (CA), LLP, Los Angeles, CA, *for Defendant-Appellee*.

2

HALL, *Circuit Judge*:

Plaintiff-Appellant Robin Weiss appeals from a decision and order entered in the United States District Court for the Western District of New York (Vilardo, *J.*) vacating an arbitration award on the grounds that it was issued in manifest disregard of the law. The arbitral award granted Weiss $108,500 in statutory damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* The arbitrator, however, determined simultaneously that Weiss was a class member in a class action against Defendant-Appellee Sallie Mae, Inc. that had been resolved by a settlement agreement containing a general release barring class members from bringing TCPA claims against Sallie Mae and its successors. We agree with the district court's conclusion that the arbitrator ignored the unambiguous general release provision in that settlement agreement. The arbitral award is therefore in tension with the arbitrator's finding that Weiss was a member of the settlement class and that she received adequate notice of its terms. Because the arbitrator neglected to explain these mutually exclusive determinations, we are unable to identify whether the arbitrator abided by applicable substantive law as mandated by the parties' arbitration agreement and, consequently, whether the arbitral award was issued in manifest disregard of the

3

law, as the district court held. For the reasons that follow, we remand the case to the district court with instructions to require the arbitrator to clarify whether he intended to deem the class notice sufficient and, if determined to be sufficient, to construe the general release in the first instance and vacate or modify the award as necessary.

## BACKGROUND

In 2008 Weiss incurred student loan debt with Sallie Mae (now Navient Solutions, LLC, or "NSL"), on which she subsequently defaulted. Starting sometime around September 2011, Sallie Mae began calling Weiss's cell phone as often as seven or eight times per day in an effort to collect on its debt. In 2013 Weiss brought this action against Sallie Mae under the TCPA for Sallie Mae's unlawful use of an automated telephone dialing system ("ATDS").[1] The parties stipulated to arbitration pursuant to an arbitration agreement in Weiss's student loan promissory note, thus staying the litigation. An arbitration hearing was conducted on April 27, 2016.

---

[1] Weiss's husband, Andrew Schaus, was also named as a plaintiff but was dismissed as a party early in the proceedings.

In early June, the arbitrator issued a decision in which he explained that Weiss provided her cell phone number ending in 8683 ("the 8683 number") to NSL or its predecessor in connection with her student loan agreement and consented to the receipt of calls from an ATDS, which she subsequently received through September 2010. Weiss did not make any claim with respect to those calls but asserted that she obtained a new cell phone number ending in 6452 ("the 6452 number") in May or June 2010 which she did *not* provide to NSL or Sallie Mae. The parties stipulated that Weiss received 774 ATDS calls from NSL at the 6452 number between September 16, 2011, and July 1, 2013.

The arbitrator also found that Weiss was a member of the settlement class in the case of *Mark A. Arthur et al. v. Sallie Mae, Inc.* in the United States District Court for the Western District of Washington ("the *Arthur* Settlement"). The *Arthur* Settlement included, as a class member, "any person who received ATDS calls from Navient's predecessor, Sallie Mae, between October 27, 2005 and September 14, 2010." App. 58. Weiss conceded that the calls she received at the 8683 number placed her within the settlement class but claimed that the settlement did not apply to the calls she received at the 6452 number. Finding this contention "unpersuasive," the arbitrator ruled that Weiss was a class member

5

and that "the proof was conclusive that Navient provided Ms. Weiss with the required notice of the settlement and of her rights and obligations under the terms of the settlement." App. 58–59. That notice offered class members the opportunity to file a "consent revocation" document by September 15, 2012; absent such a filing, "the ATDS calls would not stop and the borrower's prior consent to give them [sic] would be deemed to have been given." App. 57. Though Weiss maintained that she was unaware of the *Arthur* Settlement, NSL's witness testified that legal notice of the settlement was emailed and successfully delivered to Weiss's email address.

The *Arthur* Settlement agreement contained a general release provision under which class members were "deemed to have fully released and forever discharged Sallie Mae" and NSL from any and all claims and causes of action, *inter alia*, "that arise out of or are related in any way to the use of an 'automatic telephone dialing system' . . . used by any of the Released Parties in connection with efforts to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for violations of the [TCPA]." App. 120–21. Thus, under the plain terms of the settlement to which the arbitrator found Weiss was bound, Weiss was deemed to have waived "any and all" TCPA claims

6

effective the date of final judgment in the *Arthur* Settlement action. The arbitrator, however, did not even acknowledge this release provision.

Instead, the arbitrator interpreted Weiss's failure to submit a consent revocation pursuant to the *Arthur* class notice as precluding recovery for any calls placed to the 6452 number after the September 15, 2012 deadline but also as permitting recovery for ATDS calls placed to the 6452 number between September 6, 2011, and September 16, 2012.[2] The arbitrator then awarded Weiss statutory damages totaling $108,500—that is, $500 for each of the 217 ATDS calls placed during that time period.

NSL moved to vacate the arbitration award and Weiss cross-moved to affirm. Following oral argument, the district court issued a written decision and order holding that by neglecting to "apply—or even address—an explicit, unambiguous term of the settlement agreement," which "clearly and unambiguously bars recovery for claims until and including the date of the agreement," the arbitrator manifestly disregarded the law. App. 168–69. The district court vacated the arbitration award. This appeal followed.

---

[2] As written, the arbitration award both precludes Weiss from recovering and permits Weiss to recover for calls placed on September 16.

**DISCUSSION**

## I. Standard of Review

The Federal Arbitration Act ("FAA") provides four bases upon which a federal district court may vacate an arbitration award. One of these grounds permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).[3] The Supreme Court has interpreted section 10(a)(4) as requiring that "an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (internal quotation marks omitted).

In addition, this Court has "held that the court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted).

---

[3] The other statutory bases permit vacatur: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; [and] (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(1)-(3).

This inquiry encompasses situations "where the arbitrator's award is in manifest disregard of the terms of the [parties' relevant] agreement." *Id.* at 452 (*quoting Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). Here, the district court characterized the "manifest disregard" standard as "a fifth reason why an arbitration award may be vacated." App. 162. In light of recent Supreme Court precedent, it is somewhat unclear whether the "manifest disregard" paradigm constitutes an independent framework for judicial review, as the district court thought, or a "judicial gloss" on the FAA's enumerated grounds in section 10(a). *See Schwartz*, 666 F.3d at 451–52 (citing, *inter alia*, *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 585 (2008)). But because this Court has "concluded that manifest disregard remains a valid ground for vacating arbitration awards" whether applied as judicial gloss or as an independent basis, *see id.* at 452 (internal quotation marks omitted), we need not resolve this epistemological debate.

We review *de novo* the district court's application of the manifest disregard standard. *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on

9

grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* (internal citations, quotation marks, and alterations omitted). We will uphold an arbitration award under this standard so long as "the arbitrator has provided even a barely colorable justification for his or her interpretation of the contract." *Schwartz*, 665 F.3d at 452 (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 222 (2d Cir. 2002)). Vacatur is only warranted, by contrast, "when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal quotation marks and alterations omitted).

## II. Remand to the Arbitrator is Appropriate

As already noted, the arbitrator construed the *Arthur* class notice as establishing Weiss's consent to receive future ATDS calls, but he determined that such consent could not be applied retroactively to bar her recovery for calls placed prior to the revocation deadline. Weiss advances two arguments in support of that decision. Because the arbitrator's award was ostensibly based on an interpretation of the class notice, Weiss asserts that even the arbitrator's

10

misinterpretation of what amounts to a contractual provision does not provide sufficient grounds for vacatur under the FAA. She also attempts a collateral attack on the sufficiency of the *Arthur* class notice, arguing that it does not satisfy due process and, accordingly, that she cannot be bound by the *Arthur* Settlement's terms.

As an initial matter, Weiss is correct that "interpretation of the contract terms is within the province of the arbitrator and will not be overruled simply because we disagree with that interpretation." *Schwartz*, 665 F.3d at 452 (internal quotation marks and alterations omitted); *cf. Oxford Health Plans*, 569 U.S. at 569 (explaining that the Court's inquiry under Section 10(a)(4) of the FAA is confined to the narrow question of "whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong"). Yet the district court concluded that "this is not a case where the arbitrator's interpretation of the contract was simply incorrect" as "the arbitrator's decision here ignored and contradicted an unambiguous term of the agreement"—namely, the general release embodied in the *Arthur* Settlement. App. 170. In other words, even if the arbitrator believed that the class notice entitled Weiss to recover for ATDS calls made prior to the consent revocation deadline, it is impossible to square that

11

conclusion with the general release provision barring Weiss's recovery for "any and all" TCPA claims. App. 121. This is especially true given that the parties agreed in their arbitration agreement that "[t]he arbitrator shall follow applicable substantive law to the extent consistent with the FAA." App. 32. Because the arbitrator did not even mention the release in his decision, we are unable to ascertain from the record whether the arbitrator in fact based his decision on the four corners of the *Arthur* Settlement agreement and its accompanying class notice, as Weiss appears to contend, or whether he instead discarded the agreement in favor of his own policy preferences. *See Stolt-Nielsen*, 559 U.S. at 671–72.

Regarding Weiss's attack on the sufficiency of the class notice, as previously noted, the arbitrator expressly found that despite some of the "confusing" terms of the *Arthur* Settlement agreement, "the proof was conclusive" that Weiss received "the required notice of the settlement and of her rights and obligations under the terms of the settlement." App. 59. Nonetheless, he appeared to base his award on the fact that the class notice only apprised Weiss of her consent to receive a subset of ATDS calls—those placed prospectively. If in fact the arbitrator were of the view that the class notice did not satisfy due process, as Weiss contends, then the arbitrator, in following applicable substantive law,

12

would seemingly be obliged to hold that Weiss could not be bound by *any* of the

*Arthur* Settlement agreement's terms. *See, e.g.*, *Wolfert ex rel. Estate of Wolfert v.*

*Transamerica Home First, Inc.*, 439 F.3d 165, 170 (2d Cir. 2006) (explaining that

whether a class action judgment may be afforded preclusive effect against an

absent class member depends, *inter alia*, on whether the absent class member

received notice that comports with constitutional due process).   This is an all-or-

nothing inquiry.   Instead, the arbitrator's finding that the class notice "does not

state that the recipient (*i.e.*, Weiss) will be deemed to have given prior express

consent to the making of calls by Sallie Mae," App. 62, appears to rest on a parsing

of the applicable law grounded neither in a constitutional due process analysis nor

in a faithful exercise in contract interpretation.

Our concern is reinforced by the fact that the arbitrator's analyses regarding

Weiss's failure to consent to the ATDS calls at issue—either expressly or through

the implied consent that attached to the *Arthur* Settlement terms—appear in

separate sections of the arbitrator's opinion that address the merits of NSL's

defense to Weiss's TCPA claims.   The question of whether Weiss was on notice

of the *Arthur* Settlement's terms, by contrast, is addressed up front as the first of

the "issues considered" by the arbitrator.   App. 58.   Once the arbitrator made

13

the determination that "Weiss was adequately advised of the terms of the settlement and of the requirement that she revoke any consent given to [NSL] to place ATDS calls to cell 6452," App. 59, that conclusion would seem to obviate not only the arbitrator's subsequent analysis concerning whether NSL had met its burden of proving Weiss's consent but also any further determination as to the effect of the class notice. In other words, if the arbitrator intended to deem the class notice insufficient, he did not say so in his threshold analysis regarding the settlement's applicability and strongly implied the opposite.

In light of the incoherence of the arbitrator's decision, we hereby VACATE the district court's order and REMAND the case to the district court to remand to the arbitrator with instructions to clarify whether the class notice was or was not sufficient and, if determined to be sufficient, then to construe the general release provision in the first instance and to vacate or modify the arbitral award if necessary. *See Hardy v. Walsh Manning Sec., L.L.C.*, 341 F.3d 126, 134 (2d Cir. 2003) (acknowledging this Court's "authority to seek a clarification of whether an arbitration panel's intent in making an award evidences a manifest disregard of the law" (internal quotation marks and alterations omitted)). The arbitrator shall be instructed either to interpret and apply the terms of the *Arthur* Settlement

agreement's general release provision or to explain why that provision does not bar Weiss's claims. Further, the district court shall thereafter hear and rule on any subsequent objections to the arbitrator's decision, which objections may be advanced by appropriate motion of either party. Any appeal from the district court's decision thereon may be advanced by letter notice to the Clerk of this Court without necessity of filing a new notice of appeal, and that appeal shall be assigned to this panel.

## CONCLUSION

We VACATE the district court's July 13, 2018 decision and order vacating the arbitral award and REMAND the case to the district court to remand to the arbitrator with instructions to clarify whether the *Arthur* class notice was sufficient, to construe the general release in the *Arthur* Settlement in the first instance and, if necessary, to vacate or modify the arbitral award.

15