20-1106-cv
*CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:   DENNY CHIN,
           MICHAEL H. PARK,
                   *Circuit Judges,*
           VICTOR A. BOLDEN,
                   *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CESFIN VENTURES LLC,

                   *Petitioner-Appellee,*

            -v-                                        20-1106-cv

AL GHAITH HOLDING COMPANY PJSC,

                   *Respondent-Appellant.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

[**]      The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PETITIONER-APPELLEE: RICHARD L. CRISONA (David A. Shaiman, *on the brief*), Allegaert Berger & Vogel LLP, New York, New York.

FOR RESPONDENT-APPELLANT: Francis X. Nolan, IV, Eversheds Sutherland (US) LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Respondent-appellant Al Ghaith Holding Company PJSC ("AGHC") appeals the district court's May 8, 2019 judgment granting the motion of petitioner-appellee CesFin Ventures LLC's predecessor-in-interest, Cessna Finance Corporation ("Cessna"), to confirm an arbitral award of monetary damages and denying AGHC's cross-motion to vacate the award. AGHC also appeals the district court's March 9, 2020 order denying its motion for reconsideration. On appeal, AGHC argues that the district court erred by failing to find that the International Chamber of Commerce (the "ICC") acted in manifest disregard of the laws of the United Arab Emirates (the "UAE") governing the guaranty agreements at issue. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    *Background*

In 2007 and 2008, Cessna, a Kansas corporation, entered into three agreements to lease private jets to Prestige Jet Rental ("Prestige"), a non-party. Because Prestige was a start-up company, Cessna required a guarantee. As a result, Ghaith Al Ghaith ("Al Ghaith"), the chairman of Prestige and deputy chairman of AGHC, a company incorporated in the UAE, executed agreements (the "Agreements") whereby AGHC guaranteed payment by Prestige. Each agreement was executed in duplicate under Kansas and UAE law, with terms to resolve disputes through arbitration in New York. Prestige began defaulting on its payments in early 2009 and made one final payment in February 2010, after which Cessna repossessed and sold the aircrafts at issue.

On April 15, 2013, Cessna initiated arbitration proceedings at the ICC against AGHC and Prestige to seek payment.[1] AGHC's principal defense was that because its articles of association required the signatures of "two out of three" of the chairman, deputy chairman, and managing director, Al Ghaith did not have the authority by himself to bind AGHC to the Agreements. J. App'x at 462. In a decision issued October 26, 2015, the ICC rejected the argument, holding, *inter alia*, that AGHC

---

[1]    Cessna ultimately withdrew its claims without prejudice against Prestige, as Prestige appeared to be defunct.

3

was liable to Cessna under the Agreements because AGHC was bound by "good faith" under Article 246 of the UAE Civil Code.

Specifically, the ICC reasoned that AGHC's senior management had been actively involved in negotiations and aware of AGHC's obligation to provide a guarantee, and that the parties could not explain why Al Ghaith singly executed the Agreements despite the lack of additional authorization from AGHC and that the "most reasonable inference" was that the parties had agreed to this method of execution. J. App'x at 78. The ICC also found that once AGHC had discovered the purported invalidity of the Agreements, it should have notified Cessna, but had failed to do so. The ICC concluded that because AGHC had "consistently acted as if the Guaranty Agreements were valid despite the fact that the Guaranty Agreements . . . were signed by . . . Al Ghaith alone," *id.* at 80, the "duty of good faith applies regardless of whether or not the requirements of [AGHC's] corporate constitution were complied with" because "one cannot hide acts that constitute a breach of good faith behind procedural compliance matters . . . certainly not when one . . . stands to benefit from the other party's mistaken understanding," *id.* at 81.

On December 17, 2015, Cessna moved to confirm the award in the court below, and thereafter AGHC filed a cross-motion to vacate the award. In a decision and order dated on May 7, 2019, the district court granted Cessna's motion to confirm and

4

denied AGHC's motion to vacate. On May 21, 2019, AGHC moved for reconsideration, which the district court denied on March 9, 2020. This appeal followed.

## II. *Discussion*

"[W]e review the District Court's findings of fact relating to its confirmation of the arbitration award for clear error and its resolution of questions of law *de novo*." *Trina Solar US, Inc. v. Jasmin Solar Pty Ltd*, 954 F.3d 567, 570 (2d Cir. 2020). "When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard *de novo*." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (citations omitted). We review denials of motions for reconsideration for abuse of discretion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A court abuses its discretion when its decision "rests on an error of law or a clearly erroneous factual finding" or "cannot be found within the range of permissible decisions." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

### A. Manifest Disregard

Courts grant an arbitration tribunal's decision great deference. *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). "The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge, particularly on our limited review of whether the arbitrator manifestly disregarded the law." *Westerbeke Corp. v. Daihatsu Motor Co..*, 304 F.3d 200, 214 (2d Cir. 2002) (citations omitted). Thus, "[a] litigant seeking

5

to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) (citing *T.Co Metals*, 592 F.3d at 339).

An arbitral award may be vacated for manifest disregard of the law only if a reviewing court "finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (citing *Wallace*, 378 F.3d at 189). An award should be enforced, "despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." *T.Co Metals*, 592 F.3d at 339 (citing *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 92 (2d Cir. 2008)). A barely colorable justification exists so long as the arbitrators had reasoning on which they "could have justifiably rested their decision." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13-14 (2d Cir. 1997) (finding that an offered justification satisfied the "barely colorable" standard because it presented no error "that an average person qualified to serve as an arbitrator should have instantaneously perceived and corrected").

Here, AGHC argues that the ICC manifestly disregarded the law because it knew of and yet neglected to apply AGHC's Articles of Association in conjunction with UAE statutory law. To the contrary, as the district court found, the ICC did not manifestly disregard the law because it directly addressed "the provisions of UAE law invoked by [AGHC]," and found that those provisions did "not absolve [AGHC] from its obligation of good faith" under Article 246 of UAE Civil Code. S. App'x at 11. The ICC directly addressed the validity requirements that AGHC invoked and then justifiably relied on Article 246 of UAE Civil Code to conclude that the principles of good faith would override the procedural grounds that AGHC relied on. Thus, the ICC provided at least a barely colorable justification for its decision. Therefore, the district court did not err in concluding that the ICC did not manifestly disregard applicable UAE law.

## B.    Motion for Reconsideration

Although AGHC does not advance arguments in its briefing regarding the motion for reconsideration, we conclude that the district court correctly denied the motion to reconsider, as there was no intervening change of controlling law, new evidence, or clear error to correct. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

* * *

7

We have considered AGHC's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk