Concrete Structures, Inc. v Armory Bldr. III, LLC
2026 NY Slip Op 03661
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Concrete Structures, Inc., respondent,
v
Armory Builder III, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-00921, 2022-02488, (Index No. 508000/20)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Silverman Shin & Byrne PLLC, New York, NY (Andrew V. Achiron, Donald F. Schneider, and Bonnie Espino of counsel), for appellant.
Rodriguez-McCloskey PLLC, Brooklyn, NY (Yenisey Rodriguez-McCloskey of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 10, 2022, and (2) a judgment of the same court dated February 24, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 7510 to confirm an arbitration award dated November 22, 2021, and denied that branch of the defendant's cross-motion which was pursuant to CPLR 7511 to vacate the arbitration award. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $1,092,757.82.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendant, Armory Builder III, LLC, was the general contractor for a construction project involving three buildings in Brooklyn that included affordable housing (hereinafter the Project). In or around July 2019, the defendant entered into subcontracts with the plaintiff to complete certain work at the Project. The work progressed into March 2020. On March 30, 2020, the plaintiff did not send any workers to the Project worksite, in view of the then-pending construction shutdown orders related to the COVID-19 pandemic. The defendant terminated the plaintiff's subcontracts, claiming, among other things, that the plaintiff breached the mandated worker-staffing provisions thereof and noting that, inasmuch as the Project included construction of affordable housing, it was deemed an essential service that was exempt from the COVID-19 [*2]construction shutdown orders pending at the time.
In April 2020, the plaintiff commenced this action, alleging that it had been wrongfully terminated by the defendant and asserting causes of action, inter alia, sounding in specific performance, breach of contract, and wrongful termination. The parties thereafter stipulated to resolve this dispute through arbitration, as provided for in the subcontracts. Following a nine-day hearing before an arbitration panel (hereinafter the Panel), on November 22, 2021, the Panel concluded that the plaintiff's termination was not warranted and issued a decision finding that the defendant owed the plaintiff the principal sum of $1,092,757.82 (hereinafter the arbitration award). Thereafter, the plaintiff moved, among other things, pursuant to CPLR 7510 to confirm the arbitration award, and the defendant cross-moved, inter alia, pursuant to CPLR 7511 to vacate the arbitration award. In an order dated January 10, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied that branch of the defendant's cross-motion. Thereafter, a judgment dated February 24, 2022, was issued, upon the order, in favor of the plaintiff and against the defendant in the principal sum of $1,092,757.82. The defendant appeals.
Where, as here, a contract containing an arbitration provision affects interstate commerce, disputes arising thereunder are governed by the Federal Arbitration Act (FAA) (9 USC § 1 et seq.) (see Matter of Sivanesan v YBF, LLC, 230 AD3d 796, 799; Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 277).
An award may be vacated under the FAA if it exhibits a "manifest disregard of law" (Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 388 [2d Cir] [internal quotation marks omitted]; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481). "An arbitration award manifestly disregards the law . . . only in those exceedingly rare instances where (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case" (Key Inv. Servs. LLC v Oliver, 2025 WL 1523350, *2, 2025 US App LEXIS 13071, *5 [2d Cir, Nos. 23-7326(L), 23-7547(XAP)] [internal quotation marks omitted]; see also Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 482). The doctrine gives extreme deference to arbitrators and "requires 'more than a simple error in law or a failure by the arbitrators to understand or apply it; and, it is more than an erroneous interpretation of the law'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 481, quoting Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d at 389).
Moreover, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached'" (Landy Michaels Realty Corp. v Local 32B-32J, Serv. Empls. Intl. Union, AFL-CIO, 954 F2d 794, 797 [2d Cir], quoting Matter of Andros Compania Maritima, S.A. [Marc Rich & Co., A.G.], 579 F2d 691, 704 [2d Cir]; see Weiss v Sallie Mae, Inc., 939 F3d 105, 109 [2d Cir]; see also Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480). Further, vacatur of an arbitrator's award on the ground that it was irrational is warranted "only where there is no proof whatever to justify the award" (Matter of Rivera v New York City Tr. Auth., 216 AD3d 644, 645 [internal quotation marks omitted]; see Matter of Reddy v Schaffer, 123 AD3d 935, 937). An arbitration award that is supported by evidence in the record is not irrational (see Matter of Rivera v New York City Tr. Auth., 216 AD3d at 645; Matter of Reddy v Schaffer, 123 AD3d at 937). "Even where an arbitrator has made an error of . . . fact, courts generally may not disturb the arbitrator's decision" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534).
Here, the defendant failed to establish a basis under the FAA for vacating the arbitration award. Among other things, the Panel did not act in manifest disregard of the law, the facts, or the parties' agreements in deciding the parties' dispute, and there was evidentiary support for the arbitration award (see Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP, 221 AD3d 594; see also Smarter Tools Inc. v Chongqing SENCI Import & Export Trade Co., Ltd., 57 F4th 372, 383 [2d Cir]; Tully Constr. Co., Inc. v Canam Steel Corp., 684 Fed Appx 24 [2d Cir]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 7510 to confirm the arbitration award and denied that branch of the defendant's [*3]cross-motion which was pursuant to CPLR 7511 to vacate the arbitration award.
In light of our determination, we do not reach the defendant's remaining contention.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court